IN THE UNITED STATES DISTRICT
COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO CIVIL DIVISION

WARREN SHORE,

    Plaintiff,

vs.

EMPIRE FINANCIAL GROUP, INC.,
and UNITED HEALTHCARE OF
FLORIDA, INC.

    Defendant.
_____/

CASE NO.: 6:05-CV-44-31 KRS

## COMPLAINT

COMES NOW the Plaintiff, WARREN SHORE, by and through his undersigned counsel and hereby sues the Defendant, EMPIRE FINANCIAL GROUP, INC.(hereinafter referred to as "EMPIRE") and UNITED HEALTHCARE OF FLORIDA, INC. (hereinafter referred to as "UNITED") and alleges as follows:

### GENERAL ALLEGATIONS

1.    This Court has jurisdiction of the claim herein pursuant to 29 U.S.C. §1132(e). This action arises under the Employee Retirement Income Security Act of 1974, §605(1)(A), 605(1)(B),606, as amended, 29 U.S.C.A. §1001 et seq., and more particularly 29 U.S.C.A. §1165(1)(A), 1165(1)(B), 1166. Plaintiff is alleging violations of his rights under ERISA for Empire's failure to provide Health Insurance benefits after ninety (90) days and for United's failure to provide COBRA

1

(Consolidated Omnibus Budget Reconciliation Act) benefits in the form of health insurance benefits for a period not to exceed 18 months.

2. The Plaintiff, WARREN SHORE, is a male resident of Palm Beach County, Florida.

3. At all times material hereto the Defendant, EMPIRE, was a limited partnership existing under and by virtue of the laws of the State of Minnesota, was authorized and licensed to do business in the State of Florida, and was conducting business as EMPIRE FINANCIAL GROUP, INC., in the County of Seminole, State of Florida.

4. That at all times material hereto, Defendant, EMPIRE, had twenty (20) or more employees for each working day in each calendar week in the current preceding calendar year.

5. That the Defendant, UNITED, is an authorized health insurance company which provides health insurance benefits to the general public.

6. That the Defendant, EMPIRE, established for its employees health insurance coverage with the Defendant, UNITED, who issued a certificate of coverage for benefits which began on June 1, 2003.

7. On September 2, 2003, Plaintiff, became employed by the Defendant, EMPIRE, and remained continuously employed by the Defendant for a period of approximately one hundred and sixty

seven (167) days.

8. On February 15, 2004, Plaintiff's employment with the Defendant, EMPIRE, was terminated and said termination was not the result of any misconduct on the part of Plaintiff.

9. That the Defendant, EMPIRE, was required under Federal Statute to provide the Plaintiff, WARREN SHORE, with COBRA notice to inform Plaintiff, WARREN SHORE, that continued health care coverage under the employer's current plan was an option after termination, and to allow Plaintiff, WARREN SHORE, sixty (60) days from the date of the qualifying event in which to choose coverage.

10. Immediately upon his termination and within the sixty (60) days of his termination, the Plaintiff, WARREN SHORE, elected COBRA benefits and commenced making timely premium payments.

11. That the Defendant, UNITED, has denied COBRA benefits to Plaintiff, WARREN SHORE, based upon its contention that the Plaintiff was never enrolled by the Defendant, EMPIRE, into the company sponsored health care plan.

12. That the Defendant, EMPIRE, contends that the Plaintiff, WARREN SHORE, was never employed greater than 90 days and was not entitled to health insurance benefits.

13. That the Plaintiff, WARREN SHORE, has now incurred medical expenses which would have been paid and should have been

paid had the Defendant, EMPIRE, followed the terms of the plan for health insurance benefits; further, because of EMPIRE'S failure to enroll the PLAINTIFF, WARREN SHORE, he will continue to incur medical expenses which would have otherwise been paid had Defendant, EMPIRE, acted accordingly an enrolled the Plaintiff, WARREN SHORE, in the plan.

WHEREFORE, Plaintiff, WARREN SHORE, hereby request, this honorable court to do the following:

A.   This Court issue a declaratory judgment that the Plaintiff, WARREN SHORE, was entitled to enrollment after ninety (90) days of employment and that he is thus entitled to COBRA benefits by the Defendant, UNITED.

B.   That the Defendant, EMPIRE, be ordered to pay the Plaintiff, WARREN SHORE, medical benefits which should have been paid under the health insurance plan and which are now outstanding.

C.   For an Order requiring the Defendants, UNITED and EMPIRE, to reinstate the Plaintiff, WARREN SHORE, as a member of its health insurance plan.

D.   For an Order imposing other penalties against the Defendant/Employer as deemed appropriate by the Court.

E.   For an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1) as well as reasonable costs and prejudgment interest.

F.   For all available relief and penalties pursuant to 29

U.S.C. §1132(c)(1).

    G.    For all such other and further relief, equitable or legal, that the Court deems just and proper.

By: _____
MICHAEL J. MEKSRAITIS, ESQ.
102 S. Westland Ave.
Tampa, FL 33606
FBN: 0124090
Ph. #: (813) 831-3655
Fax #: (813) 835-0869
Attorney for Plaintiff

**VERIFICATION:**

STATE OF FLORIDA      )
COUNTY OF ~~PALM BEACH~~ Broward )

Plaintiff, WARREN SHORE, having read the aforesaid Complaint, affirms that the allegations contained herein are true and accurate to her best knowledge and belief.

DATED this 14 day of Decmeber, 2004.

_____
Warren Shore, Plaintiff
S 600 867-34-059

SWORN TO AND SUBSCRIBED before me this 14 day of December, 2004, by Warren Shore, who is personally known to me and who stated under oath that she is the Plaintiff herein and that she has read the foregoing Complaint and that the same is true and accurate to her best knowledge and belief.

_____
NOTARY PUBLIC

My Commission Expires: 6/15/08

Keith W. Kolbe
My Commission DD292861
Expires June 15, 2008